IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HOLLY L.,[1]

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant.

No. 6:20-cv-00225-CL

**OPINION AND ORDER**

---

**CLARKE, U.S. Magistrate Judge.**

Holly L. ("Plaintiff") brings this appeal challenging the Acting Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION AND ORDER

below, the Court reverses the Commissioner's decision and remands for further administrative proceedings.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff filed her application for DIB on January 31, 2017, alleging an amended alleged onset date of January 31, 2017, due to psychotic disorder, anxiety, and panic disorder. (Tr. 36, 209.) The Commissioner denied Plaintiff's application initially and upon reconsideration. (Tr.

36, 80, 96). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 12, 2018. (Tr. 54-79.) Following the administrative hearing, ALJ B. Hobbs issued a written decision dated February 21, 2019, denying Plaintiff's application. (Tr. 36-49.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff now seeks judicial review of that decision.

## II. THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d

3 – OPINION AND ORDER

at 1100. If the Commissioner fails to meet this burden, then the claimant is disabled. *Bustamante*, 262 F.3d at 954.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 38-49.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 31, 2017. (Tr. 38.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "major depressive disorder, anxiety, schizoaffective disorder with depressive traits, panic disorder, neurocognitive disorder and borderline intellectual functioning." (*Id.*)

At step three, the ALJ concluded that Plaintiff's "impairments, including her substance use disorder, meet sections 12.02, 12.04, and 12.06" of the listed impairments in 20 C.F.R. part 404, subpart P, Appendix 1. (Tr. 39-42.) The ALJ determined that if Plaintiff stopped her substance use, then "the remaining limitations would cause more than a minimal impact on [Plaintiff's] ability to perform basic work activities; therefore, [Plaintiff] would continue to have a severe impairment or combination of impairments." (Tr. 42.) The ALJ further found, however, that if Plaintiff stopped her substance use, then Plaintiff would not have an impairment or combination of impairments that meets or equals a listed impairment. (Tr. 42-43.)

The ALJ then concluded that if Plaintiff stopped her substance use, then Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels" subject to these limitations:

> [D]ue to side effects of medications and mental impairments [Plaintiff] can understand, remember, and carry out only short and simple instructions. She can only make simple work-related judgments and decisions. [Plaintiff] can have no more than occasional interactive contact with the public and no more than frequent interactive contact with co-workers or supervisors. She can perform no more than

>GED level 1 activities in reasoning, as defined in the Dictionary of Occupational Titles (DOT).

(Tr. 44.)

At step four, the ALJ concluded that if Plaintiff stopped her substance use, then Plaintiff would be unable to perform her past relevant work as a housekeeping cleaner, fire watch security guard, and waitress. (Tr. 47.) At step five, the ALJ concluded that, if Plaintiff stopped her substance use, a significant number of jobs existed in the national economy that she could perform, including work as a window cleaner; vine pruner; bagger, in production and laundry; and fish cleaner. (Tr. 48.) The ALJ concluded that Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped her substance use. (Tr. 49.) Thus, because Plaintiff's substance use disorder is a contributing factor material to the disability determination, the ALJ concluded that Plaintiff was not disabled under the Social Security Act, and the ALJ denied Plaintiff's application for disability benefits. (*Id.*)

## DISCUSSION

On review, Plaintiff argues that the ALJ erred in finding that a substance use disorder was a contributing factor material to the disability determination. Pl.'s Br. Support Compl. Review ("Pl.'s Br.") 4-23, ECF 15. The Commissioner concedes that the ALJ committed reversible error in analyzing whether Plaintiff's drug addiction and alcoholism ("DAA") was a contributing factor material to the disability determination. Def's Br. 1-2, ECF 18. Thus, the sole issue on review is the appropriate legal remedy: whether the case should be remanded for an immediate payment of benefits or for further proceedings.

As is explained below, the Court finds that this case should be remanded for further proceedings. The ALJ improperly discredited opinion evidence from Dr. Katherine Warner,

Ph.D, and the ALJ failed to make a factual finding whether Plaintiff has a substance use disorder, so further proceedings are necessary to develop the record. Accordingly, this case is reversed and remanded for further administrative proceedings.

## I. CREDIT AS TRUE STANDARD

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). Courts usually remand for an award of benefits only "in rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* at 1100. The Court may not award benefits punitively, and to determine whether a remand for an immediate payment of benefits is appropriate, the court must first conduct a "credit-as-true" analysis. *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Under the credit-as-true analysis, a remand for an award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (citations omitted); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

## II. ANAYLSIS

In following the three-step inquiry, the Court finds that the credit-as-true criteria—particularly the second and third criteria—have not been satisfied in this case. First, the parties agree that the ALJ committed reversible error unsupported by substantial evidence. The Commissioner concedes that the ALJ erred in (1) finding that Plaintiff's DAA was a contributing factor material to the disability determination without making a finding that Plaintiff had a medically determinable substance use disorder; and (2) failing to provide sufficient reasons for discounting Dr. Warner's opinion as it related to Plaintiff's functioning without substance use. Def.'s Br. 2.

Second, the record has not been fully developed and outstanding issues must be resolved before a disability determination can be made. A remand for further proceedings is necessary when there are "gaps," "ambiguities," or "outstanding issues in the record that should be decided by the agency" and when "there is conflicting evidence, and not all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1099, 1101, 1103-04.

In this case, the ALJ did not make a factual finding whether Plaintiff has a substance use disorder: the ALJ did not list a substance use disorder as one of Plaintiff's severe impairments or discuss whether it was a medically determinable impairment. (*see* Tr. 36-39.) However, the ALJ later referred to Plaintiff's "impairments, including substance use disorder," and performed a substance use analysis as if the ALJ had found that Plaintiff had a substance use disorder that was a medically determinable impairment. (Tr. 39, 42-49.) Given the ALJ's failure in making a factual finding whether Plaintiff has a substance use disorder, and whether that substance use disorder would constitute a medically determinable impairment, a remand for further

7 – OPINION AND ORDER

proceedings is necessary to resolve this gap in the record before a disability determination can be made.

Plaintiff argues that whether Plaintiff has a determinable substance use disorder does not warrant remand for further proceedings because the ALJ's error was harmless. Pl.'s Reply Br. 5, ECF 19. Essentially, Plaintiff argues that even though the ALJ did not make a factual finding that Plaintiff had a substance use disorder at step two, the ALJ still proceeded with the sequential disability evaluation and DAA materiality analysis, so there is not an outstanding issue to be resolved on remand. *Id.* The Court disagrees.

Although the ALJ proceeded with the DAA analysis, the ALJ's subsequent findings did not rely on substantial evidence; namely, the ALJ's decision is silent as to the basis for whether Plaintiff has a substance use disorder or not. (*See* Tr. 38-49.) As the parties demonstrate in their briefing, there are genuine conflicts in the record concerning whether substantial evidence would support a finding of a substance use disorder. *See* Def.'s Br. 5-7; Pl.'s Reply Br. 5-7. Moreover, given that this Court is limited to reviewing the ALJ's findings of fact, this Court may not substitute findings for the ALJ. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court.").

Thus, although the parties dispute on review whether the record would permit a finding whether Plaintiff has a substance use disorder, the ALJ must make that factual finding in the first instance. This Court cannot speculate what the ALJ's factual findings would be on remand, and it cannot substitute its own conclusions for the ALJ's. *See Treichler*, 775 F.3d at 1100. Accordingly, further administrative proceedings are necessary for the ALJ to make a factual

8 – OPINION AND ORDER

finding whether Plaintiff has a substance use disorder and proceed with the sequential disability evaluation based on that finding.

Third, there are serious doubts as to whether Plaintiff is, in fact, disabled within the meaning of the Act. If an ALJ finds that a claimant is disabled, but drug addiction or alcoholism is a contributing factor material to the disabling condition, then the claimant is disqualified from receiving benefits. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). An "ALJ must conduct a drug abuse and alcoholism analysis . . . by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (citing 20 C.F.R. § 404.1535(b)). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Id.* (citing 20 C.F.R. § 404.1535(b)).

Here, there are serious doubts as to whether Plaintiff suffers from a substance use disorder and whether that disorder is a contributing factor material to her condition. There is conflicting evidence in the record concerning Plaintiff's drug use. Plaintiff indicated that she stopped using methamphetamine in 2011 and 2012, (Tr. 354, 373, 385), but intermittently used marijuana through July 2018. (Tr. 61-62, 458.) Medical providers routinely advised Plaintiff to stop using marijuana due to its effects on her medications and mental health, including in July 2018. (Tr. 61-62, 315, 459.) Following the July 2018 reports, however, the record does not contain any other documents demonstrating whether Plaintiff stopped or continued using marijuana.

In sum, a plaintiff "is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r Soc. Sec.*

9 – OPINION AND ORDER

*Admin.*, 635 F.3d 1135, 1138-39 (9th Cir. 2011). Accordingly, given that conflicts in the record exist concerning whether Plaintiff is disabled, a remand for further proceedings is necessary.

## CONCLUSION

Based on the foregoing reasons, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

**IT IS SO ORDERED.**

DATED this 21st day of March, 2022.

HON. MARK D. CLARKE
United States Magistrate Judge